UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FREDERICK JOHN GAILOR, JR.
    Plaintiff,

vs.                                                       Case No.: 3:20cv5987/MCR/EMT

UNITED STATES GOVERNMENT, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

    Plaintiff, proceeding pro se and in forma pauperis, initiated this action by filing a civil rights complaint (ECF Nos. 1, 4). Plaintiff's complaint is deficient on its face. The undersigned is well-experienced in interpreting pleadings filed by pro se litigants and recognizes that certain niceties of such pleadings may not be the same as in those crafted by lawyers. Nevertheless, the present complaint can only be characterized as nonsensical. Moreover, Plaintiff has failed to plead facts showing this court has subject matter jurisdiction over his claims. For the reasons set forth below, the undersigned recommends that this case be dismissed based on Plaintiff's failure to state a claim on which relief may be granted.

    Plaintiff names as Defendants the "United States government and all its agencies" (ECF No. 1 at 1). "The United States, as a sovereign, is immune from

suit except when Congress has enacted a statute which waives its sovereign immunity." *McCorkle v. Hart*, No. 94-301-CIV-T-24(B), 1994 WL 505122, at *1 (M.D. Fla. June 9, 1994), *aff'd*, 58 F.3d 640 (11th Cir. 1995) (citing *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128, 141 (1972); *Hawaii v. Gordon*, 373 U.S. 57 (1963)). "The parameters of a federal court's subject matter jurisdiction to consider claims brought against the United States are established by the terms upon which the United States waives its sovereign immunity." *Id.* (citing *United States v. Sherwood*, 312 U.S. 584, 587 (1941); *Govern v. Meese*, 811 F.2d 1405, 1408 (11th Cir. 1987); *Ware v. United States*, 626 F.2d 1278, 1286 (5th Cir. 1980)). Plaintiff has failed to allege that the United States has waived its sovereign immunity with regard to the claims he asserts in this action. As such, the court lacks subject matter jurisdiction to grant the relief he requests. Even if the court had jurisdiction over the matter, it does not have the authority to grant the requested relief, which includes an order requiring the United States to recognize a "National Virus Awareness Day and Celebration of Another 50 yr Cycled Virus" and a "Free Press Release of All Sides of Science" (ECF No. 1 at 6).

Because plaintiff is proceeding in forma pauperis, the court is required to dismiss the case if it determines the action is "(i) frivolous or malicious; (ii) fails to

state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The court must read Plaintiff's pro se allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519 (1972).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  The court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to Plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  A complaint also is subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim.  *Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

In addition, "a district court has the inherent power to dismiss an action that is 'so patently lacking in merit as to be frivolous.'" *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (quoting *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir. 1983)); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (affirming district courts' inherent authority to dismiss frivolous claims sua sponte). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)); *see also Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (noting "a case is frivolous for section 1915(d) [now 28 U.S.C. § 1915(e)(2)(B)(i)] when it appears the plaintiff has little or no chance of success") (internal marks omitted). In this instance, it is clear Plaintiff has failed to plead an actionable claim. Plaintiff's allegations, which appear to pertain to the use of face masks, presumably in connection with the COVID-19 pandemic, are nonsensical and do not describe any sort of viable cause of action, much less one over which this court has jurisdiction.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an

amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Here, the deficiencies in Plaintiff's complaint cannot be cured by amendment. The undersigned thus finds Plaintiff's complaint should be dismissed without prejudice. *See, e.g., Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) ("We have recognized that district courts have the inherent power to sua sponte dismiss frivolous lawsuits without giving notice to the parties.").

Accordingly, it is respectfully **RECOMMENDED**:

1. That this case be **DISMISSED** without prejudice as frivolous.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 17th day of December 2020.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**